UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-CR-20 |
| ) | (PHILLIPS/GUYTON) |
| RICHARD A. KIDD, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. This case before the Court on June 20, 2011, for a motion hearing on the Defendant's three pending motions: Motion for a Bill of Particulars [Doc. 16]; Motion to Strike Surplusage from the Indictment [Doc. 17]; and Motion to Dismiss Indictment[1] [Doc. 19]. The Government has responded in opposition to the Defendant's pending motions. Assistant United States Attorney Melissa M. Millican was present representing the Government. Attorney Dana C. Hansen Chavis was present representing the Defendant, who was also present. The Court heard the arguments of the parties on the motions.

The Court has reviewed the parties' filings and the arguments at the hearing and will now address the Defendant's Motion for a Bill of Particulars [Doc. 16] and Motion to Strike Surplusage

---

[1] The Court will issue a separate Report and Recommendation with regard to Defendant's Motion to Dismiss Indictment [Doc. 19].

1

from the Indictment [Doc. 17] in turn.

### I. Motion for a Bill of Particulars [Doc. 16]

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the Defendant asks the Court to order the Government to provide a bill of particulars specifying the following: (1) identify the SORNA subsection that his prior conviction satisfies which makes him required to register under SORNA; (2) identify the date(s) on which the he entered and/or left the state of Illinois; (3) identify the date(s) on which he entered and/or left the state of Tennessee; (4) identify the dates wherein he was present in the state of Tennessee; and (5) identify the specific geographic location(s) of "elsewhere" as listed in the Indictment. [Doc. 16 at 1-2].

The Government responds [Doc. 24] that the Indictment [Doc. 1] sufficiently apprises the Defendant of the statutory violation alleged, the statutory elements of the crime alleged, the time period of the offense, and the location of the crime. It argues that while the Defendant is entitled to know the details of the charges against him prior to trial, the Defendant is seeking details of the evidence against him. Moreover, it maintains that the details of the charges have been provided to the Defendant in discovery.

The Defendant replies that without the requested information, his ability to prepare a defense, preclude a second prosecution for the same crime, and/or to enter an informed plea to the indictment will remain impaired. [Doc. 27 at 5].

Federal Rule of Criminal Procedure 7(f) states that

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The

2

> government may amend a bill of particulars subject to such conditions as justice requires.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other gnds by stat., United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

In the present case, the Indictment [Doc. 1] charges the Defendant with violating 18 U.S.C. § 2250(a), by alleging:

> On or about January 4, 2011, to on or about March 7, 2011, in the Eastern District of Tennessee and elsewhere, RICHARD A. KIDD, an individual who was required to register pursuant to the Sex Offender Registration and Notification Act, as a result of being convicted on one count of rape in violation of Tennessee Code Annotated § 39-13-503 in Anderson County, Tennessee, on July 11, 1995, having, after said conviction, traveled in interstate commerce, did knowingly fail to register and update registration and did knowingly fail to provide notice of his change of residence as required by SORNA, the Illinois Sex Offender Registry Law, and the Tennessee Sex Offender Registry Law, in violation of 18 U.S.C. § 2250(a) and 42 U.S.C. §§ 16911 and 16913.

[Doc. 1].

The Court agrees with the Government. The Court finds that the Indictment adequately sets forth the specific statutory violation allegedly committed by the Defendant, the elements of the offense, and the period of the alleged offenses. The Government also asserts that it has provided the Defendant with all Rule 16 discovery that has developed in this case. The Court finds such information is sufficient to minimize surprise, permit the Defendant to prepare his defense, and to allow him to challenge a future double jeopardy violation. Accordingly, the Defendant's Motion for a Bill of Particulars [**Doc. 16**] is **DENIED**.

### VII. Motion to Strike Surplusage [Doc. 17]

The Defendant next moves the Court, pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure, to strike the following language from the Indictment as surplusage: "the Illinois Sex Offender Registry Law, and the Tennessee Sex Offender Registry Law." [Doc. 1].

In support of his motion, the Defendant argues that the cited language creates no offense against the United States and is not relevant to the offense charged under 18 U.S.C. § 2250(a). [Doc. 17 at 3-5]. The Government opposes the motion, arguing that the cited language does constitute elements that are sufficiently supported by the verbiage of the Indictment. [Doc. 25 at 2]. Moreover, the Government asserts that the cited language is relevant and material to the instant matter. [Doc. 25 at 2-3].

Rule 7 of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). Upon motion of the defendant, "the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). The Advisory Committee notes to the

4

rule explain that "[t]his rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Whether to strike surplus language from an indictment is a matter within the sound discretion of the district court. United States v. Kemper, 503 F.2d 327, 329 (6th Cir. 1974). Rule 7(d) "is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." Id. The Sixth Circuit has held that "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." United States v. Moss, 9 F.3d 543, 550 (6th Cir. 1993); United States v. Thomas, 875 F.2d 559, 562 n.2 (6th Cir. 1989).

The Indictment at issue states that:

> On or about January 4, 2011, to on or about March 7, 2011, in the Eastern District of Tennessee and elsewhere, RICHARD A. KIDD, an individual who was required to register pursuant to the Sex Offender Registration and Notification Act, as a result of being convicted on one count of rape in violation of Tennessee Code Annotated § 39-13-503 in Anderson County, Tennessee, on July 11, 1995, having, after said conviction, traveled in interstate commerce, did knowingly fail to register and update registration and did knowingly fail to provide notice of his change of residence as required by SORNA, **the Illinois Sex Offender Registry Law, and the Tennessee Sex Offender Registry Law**, in violation of 18 U.S.C. § 2250(a) and 42 U.S.C. §§ 16911 and 16913.

[Doc. 1 (emphasis added to reflect the language Defendant seeks to strike)]. The statute the Defendant is charged with violating provides, in pertinent part, that:

> (a) In general.--Whoever--
>
> > (1) is required to register under the Sex Offender Registration and Notification Act;

5

> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>
> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a)).

The Court agrees with the Government that the above elements are sufficiently supported by the language of the Indictment. With regard to the language at issue, the Indictment states that the Defendant "did knowingly fail to provide notice of his change of residence as required by SORNA, the Illinois Sex Offender Registry Law, and the Tennessee Sex Offender Registry Law." [Doc. 1]. Such language is relevant and material to the instant matter with regard to whether the Defendant violated SORNA by failing to comply with the Illinois Sex Offender Registry Law and the Tennessee Sex Offender Registry Law. Accordingly, the Defendant's Motion to Strike Surplusage from the Indictment [**Doc. 17**] is **DENIED**.

6

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion for a Bill of Particulars **[Doc. 16]** is **DENIED**; and

(2) The Defendant's Motion to Strike Surplusage from the Indictment **[Doc. 17]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge