UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-20 |
| | ) | (PHILLIPS/GUYTON) |
| RICHARD A. KIDD, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. This case before the Court on June 20, 2011, for a motion hearing on the Defendant's three pending motions: Motion for a Bill of Particulars [Doc. 16]; Motion to Strike Surplusage from the Indictment [Doc. 17]; and Motion to Dismiss Indictment[1] [Doc. 19]. The Government has responded in opposition to the Defendant's pending motions. Assistant United States Attorney Melissa M. Millican was present representing the Government. Attorney Dana C. Hansen Chavis was present representing the Defendant, who was also present. The Court heard the arguments of the parties on the Defendant's Motion to Dismiss Indictment [Doc. 16].

The Court took the motion under advisement on June 21, 2011. The Court has reviewed the parties' filings and the arguments at the hearing and will now address the Defendant's Motion to

---

[1]The Court will issue a separate Memorandum and Order regarding the Defendant's Motion for a Bill of Particulars [Doc. 16] and Motion to Strike Surplusage from the Indictment [Doc. 17].

1

Dismiss Indictment [Doc. 19].

## I. FACTUAL BACKGROUND

At the hearing, the parties did not dispute the facts of this case. In 1995, a jury found the Defendant guilty of rape in Anderson County, Tennessee. Subsequently, the Defendant was sentenced to ten years in prison. After completing his sentence, the Defendant moved to Illinois and registered as a sex offender. On October 21, 2010, the Defendant initialed and signed a two-page Illinois Sex Offender Registration Act form that purported to establish the Defendant's current residential address and employment. On that date, the Defendant's "resident address" was reported as "2259 E. Adams, Springfield, IL, 62703." [See Doc. 23 at Exh. 1 at 1].

In March 2011, Illinois law enforcement agents discovered that the Defendant was non-compliant with his registry requirements. Agents were informed that the Defendant had not been living at 2259 E. Adams in Springfield, Illinois since December 2010. The agents also discovered that the Defendant told his former Illinois employer's payroll company to send his 2010 W4 employee tax form to 465 Cedar Avenue in Knoxville, Tennessee.

In addition, law enforcement agents learned that the Defendant had obtained a Tennessee identification card on January 4, 2011. The Defendant listed his residential address on the card as 465 Cedar Avenue in Knoxville, Tennessee. The Defendant had not registered as a sex offender in Tennessee, which requires sex offenders who obtain a drivers license or other identification card to complete the Sexual Offender Declaration and Supplemental Application form pursuant to 2008 Public Chapter 1143 and Tenn. Code Ann. § 40-39-202 *et seq*.

On March 7, 2011, law enforcement agents went to the residence of 465 Cedar Avene and spoke to an occupant who had seen the Defendant earlier that week. The Defendant was not at the

2

residence at that time, but agents located the Defendant near the 7600 block of Clinton Highway in Knoxville, Tennessee that same day. Subsequently, the Defendant was taken into custody.

On March 15, 211, the Defendant was Indicted [Doc. 1] and charged with one count of failure to register as a sex offender under 18 U.S.C. §§ 2250(a) and 42 U.S.C. §§ 16911 and 16913.

## II. APPLICABLE LAW

On July 27, 2006, the Adam Walsh Child Protection and Safety Act of 2006 was signed into law. Section 141 of the Act contains the Sex Offender Registration and Notification Act ("SORNA"). SORNA was included in the Act for the purpose of establishing "a comprehensive national system for the registration of offenders." In pertinent part, SORNA requires that "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). In order for a sex offender[2] to maintain current registration, the offender "shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a)." 42 U.S.C. § 16913(a).

SORNA's enforcement provision is codified in 18 U.S.C. § 2250. SORNA provides that:

> (a) In general.--Whoever–
>
> > (1) is required to register under the Sex Offender Registration and Notification Act;
> >
> > (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of

---

[2] A "sex offender" is defined as "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1).

3

Case 3:11-cr-00020-PLR-HBG    Document 31    Filed 07/05/11    Page 3 of 19    PageID #: 151

> > Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>
> > (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>
> > (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250 (a).

SORNA expressly delegated responsibility for implementation of its regulations to the Attorney General of the United States. 42 U.S.C. § 16912(b). The Sixth Circuit Court of Appeals has held that SORNA became effective against offenders convicted before its enactment on August 1, 2008, which is thirty days after the final SMART guidelines were published. United States v. Utesch, 596 F.3d 302, 311 (6th Cir. 2010).

### III. ANALYSIS

In his Motion to Dismiss Indictment [Doc. 19], the Defendant presents the following six arguments: (1) venue in this case is improper; (2) the Indictment is duplicitous; (3) in the absence of fair notice, prosecuting him for failing to comply with SORNA-specific duties violates his due process rights; (4) SORNA's criminal provision, 18 U.S.C. 2250(a), is not properly justified as a federal regulation under the Commerce Clause; (5) the application of the criminal provision of SORNA, 18 U.S.C. § 2250(a) violates the ex post facto clause; and (6) application of 18 U.S.C. § 2250(a) violates the non-delegation doctrine. [Doc. 19 at 2-42].

4

The Government responds by asserting the following: (1) venue in the Eastern District of Tennessee is proper; (2) the single-count Indictment [Doc. 1] is not duplicitous; (3) the Defendant's SORNA violation charge does not violate the due process clause; (4) SORNA and its 18 U.S.C. § 2250 enforcement provision do not violate the Commerce Clause; (5) application of 18 U.S.C. § 2250 to the Defendant does not violate the ex post facto clause; and (6) application of 18 U.S.C. § 2250 to the Defendant does not violate the non-delegation doctrine. [Doc. 23 at 5-18].

The Court will examine each of these issues in turn.

### (A) Venue

The Defendant argues that venue is not proper in the Eastern District of Tennessee for two reasons. [Doc. 19 at 2-7]. First, the Defendant asserts that the SORNA requires that he register in the jurisdiction in which he resides. [Doc. 19 at 2-7]. The Defendant maintains that the evidence fails to establish that he resides in Tennessee, and therefore, he had no obligation to register as a sex offender in Tennessee. [Doc. 19 at 5-6]. The Defendant also notes that venue is not proper in this District based on an allegation he failed to act in Illinois. [Doc. 19 at 4-7]. Second, the Defendant argues that venue is improper because a SORNA violation is not a "continuing offense" for purposes of venue. [Doc. 19 at 7-10].

The Government responds that venue is proper in the Eastern District of Tennessee. First, the Government states that because there is evidence that the Defendant was living in the district for at least two months, the Defendant unlawfully failed to update his registration in Illinois or to register as a sex offender in Tennessee. [Doc. 23 at 6]. Second, the Government contends that the Defendant's failure to register is a continuing offense. [Doc. 23 at 7].

5

### (i) Where the Defendant "Resides" for Purposes of Venue

The Defendant argues that, given the discovery produced in the case, it is unclear if the Government has evidence that he resides in this district. [Doc. 19 at 4]. The Defendant maintains that obtaining a Tennessee identification card does not establish that he terminated his Illinois residence. [Doc. 19 at 4]. Moreover, the Defendant asserts that he resides in Illinois, registered in Illinois, and it is only this existing registration that would require him to "appear in person" to "inform" Illinois of "all changes." [Doc. 19 at 5]. The Government contends that there is sufficient evidence to prove venue is proper by a preponderance of the evidence. [Doc. 23 at 5-6].

The Government must prove by a preponderance of the evidence that venue is proper as to each count in an indictment. United States v. Thomas, 74 F.3d 701, 709 (6th Cir. 1996). When an offense involves more than one district, proper venue is determined in accordance with 18 U.S.C. § 3237(a). The statute states that:

> Except as otherwise expressly proved by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
>
> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, maybe inquired of and prosecuted and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

18 U.S.C. § 3237(a).

As SORNA contains no specific venue provision, a court must determine proper venue by

6

examining "the nature of the crime alleged and the location of the act or acts constituting it." United States v. Cabrales, 524 U.S. 1, 6-7 (1998). SORNA does, however, require that a sex offender "register, and keep the registration current, in *each* jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a) (emphasis added). The term "resides" is defined as "the location of the individual's home or other place where the individual habitually lives." 42 U.S.C. § 16911(13).

Pursuant to the requirements of the Tennessee Sex Offender Registry, a sex offender

> from another state, jurisdiction or country who has established a primary or secondary residence within this state or has established a physical presence at a particular location shall, within fortyeight (48) hours of establishing residency or a physical presence, register or report in person with the designated law enforcement agency, completing and signing a TBI registration form, under penalty of perjury, pursuant to § 39-16-702(b)(3).

See Tenn. Code Ann. § 40-39-203(c).

The Court disagrees with the position of the Defendant. In this case, there is evidence that the Defendant resided in the Eastern District of Tennessee during the time period alleged in the Indictment. On January 4, 2011, the Defendant obtained a Tennessee identification card by using 465 Cedar Avenue in Knoxville, Tennessee as his address. Moreover, the Defendant contacted his former Illinois employer and had his tax documents sent to the same address used to obtain his Tennessee identification card. On March 7, 2011, United States Marshals found the Defendant in a wooded area in Knoxville, Tennessee after speaking with an occupant of 465 Cedar Avenue who had seen the Defendant earlier that week.

The Court finds that the facts of this case indicate that the Defendant established a new residence or was at least "habitually" living in the Eastern District of Tennessee. 42 U.S.C. §

7

16911(13). Therefore, the Court finds the preponderance of the evidence supports venue in this district.

### (ii) Continuing Offense

The Defendant argues that SORNA is not a "continuing offense" for purposes of venue. [Doc. 19 at 7]. As support for his argument, the Defendant asserts that he resides and is registered in Illinois. [Doc. 19 at 9]. Thus, any alleged failure to "appear in person" to provide information to the "jurisdiction involved" cannot be brought in this district. [Doc. 19 at 9-10]. The Defendant maintains that the Government may not bring a case in this district that relies on an alleged SORNA violation that occurred elsewhere. [Doc. 19 at 10]. The Government responds that the alleged SORNA violation is a continuing offense. [Doc. 23 at 7].

While the Defendant argues that venue is not proper in the Eastern District of Tennessee because he continues to reside in Illinois, the Court addressed the Defendant's residence for purposes of venue, *supra*. Therefore, the Court has addressed the Defendant's argument and found that venue is proper in the Eastern District of Tennessee where he was residing for the purposes of establishing proper venue.

### (B) Whether the Indictment is Duplicitous

The Defendant argues that the Indictment in this case is either duplicitous on its face or will be rendered duplicitous by the evidence presented at trial. [Doc. 19 at 10]. The Government contends that the Indictment is not duplicitous on its face, that it will not be rendered duplicitous by the presentation of evidence at trial, and that the Indictment is sufficient. [Doc. 23 at 8].

8

An indictment is "duplicitous" when it charges two or more separate offenses in a single count. United States v. Davis, 306 F.3d 398, 415 (6th Cir. 2002). In this case, the Indictment alleges that the Defendant violated 18 U.S.C. § 2250(a), 42 U.S.C. §§ 16911 and 16913. [Doc. 1]. As applied to the Defendant in this case, three elements are required for a conviction under 18 U.S.C. § 2250(a): (1) that the defendant is required to register under SORNA, 42 U.S.C. §§ 16901-16929; (2) traveled in interstate commerce; and (3) that the defendant knowingly *failed to register or update a registration* as required by SORNA. (emphasis added).

The Court agrees with the position of the Government that the Indictment in this case is not duplicitous on its face. The Indictment in this case charges the Defendant with violating 18 U.S.C. § 2250(a) by not complying with 42 U.S.C. §§ 16913.

The Sixth Circuit Court of Appeals has upheld an indictment with a similar statutory construction as in this case. In United States v. Johnson, 345 F.2d 457, 459 (6th Cir. 1965), the defendant was charged with violating 26 U.S.C. § 7203 by not complying with the provisions of 26 U.S.C. §§ 4411 and 4412. 345 F.2d 457, 459 (6th Cir. 1965). Standing alone, 26 U.S.C. §§ 4411 and 4412 were not criminal sections, but rather were provisions requiring registration and payment of the special occupational tax. Id. The penalty portion of the statute was 26 U.S.C. § 7203 which provided the violation of the prior sections. Id. The Sixth Circuit Court of Appeals held that the inclusion of 26 U.S.C. §§ 4411, 4412 and 7203 in a single count "would not render the indictment duplicitous." Id. (internal citation omitted).

In this case, the Indictment alleges that the Defendant violated 18 U.S.C. § 2250(a) by not complying with 42 U.S.C. § 16913. In itself, 42 U.S.C. § 16913 is not a criminal section, but is a provision requiring qualifying sex offenders to register and maintain current registration. This

statutory framework is similar to the Johnson non-criminal sections that provided registration and payment requirements pursuant to 26 U.S.C. §§ 4411 and 4412. Therefore, the Court finds that the inclusion of the non-criminal provisions of 42 U.S.C. § 16913, with the criminal penalty statute of 18 U.S.C. § 2250(a), does not render the single count Indictment duplicitous on its face.

In addition, the Court disagrees with the Defendant that the Indictment will be rendered duplicitous by the presentation of evidence at trial. The Defendant relies United States v. Pietrantonio, however, that case is distinguishable from the instant matter. 637 F.3d 865, 866 (8th Cir. 2011). In Pietrantonio, the Eighth Circuit found that an indictment, which included the 42 U.S.C. §§ 16911 and 16913 provisions with the 18 U.S.C. § 2250(a) criminal penalty section, was "not actually duplicitous on its face." Id. at 871. Instead, the Court found that the indictment was rendered duplicitous by the evidence presented at trial. Id. Prior to trial, however, the government mistakenly believed that the defendant committed a continuing SORNA violation for the time frame alleged in the indictment when he moved from Minnesota to Nevada and then to Massachusetts. Id. at 869-70. The government was under the incorrect belief that the defendant never registered at any point during the alleged time frame. Id. At trial, the undisputed evidence showed that the defendant violated SORNA when he moved from Minnesota to Nevada, but that violation ended when he registered in Nevada on September 14, 2007. Id. at 867. In early January 2008, the defendant traveled from Nevada to Massachusetts, where he lived until he was arrested on April 15, 2008. Id. at 867-68. These violations were included in a single count in the indictment, and although the indictment was not duplicitous on its face, the evidence at trial rendered the indictment duplicitous because the "continuing violation" theory was no longer viable. Id. at 870.

Accordingly, the Court finds that the evidence presented at trial will not render the

10

Indictment duplicitous in this case.

### (C) The Due Process Clause

The Defendant argues that the Government failed to notify and explain the Defendant's duties under SORNA, as well as the additional penalties imposed by SORNA. [Doc. 19 at 14]. Specifically, the Defendant asserts that he was released from custody before SORNA's enactment and before the Attorney General decided SORNA would be retroactive to offenders with pre-SORNA qualifying convictions. [Doc. 19 at 14]. The Government maintains that the Defendant's SORNA charge does not violate his right to due process because he was actually notified of his obligation to register under SORNA and 18 U.S.C. § 2250. [Doc. 23 at 11-12].

As support for his argument, the Defendant cites Lambert v. California, 355 U.S. 225, 226 (1957). In Lambert, the Supreme Court reversed the defendant's conviction as violating due process when the defendant was unaware of a city ordinance requiring him to register as a felon. Id. While noting that ignorance of the law is no excuse, the Court found the defendant's "mere failure to register" was "wholly passive" conduct. Id. at 228. The Court held that due process required that the defendant receive *actual notice* of his registration obligation. Id. (emphasis added).

The Court agrees with the Government's position that the Defendant is unable to establish a due process violation in this case. The Sixth Circuit Court of Appeals has previously held that a sex offender's knowledge of his duty to register under state law constitutes effective notice under SORNA. See United States v. Samuels, 319 F. App'x 389, 393 (6th Cir. 2009), overruled on other grounds by, United States v. Utesch, 596 F.3d 302 (6th Cir. 2010); see also United States v. Shenandoah, 595 F.3d 151, 159-60 (3d Cir. 2010) (finding no due process violation when the

11

defendant signed a state registration form providing notice of his registration obligations, "even if that notice did not explain that a consequence of failing to register would be a violation of federal law and state law.").

In this case, the Defendant was advised of his obligations to register as a sex offender under both Illinois law and SORNA. On October 21, 2010, the Defendant signed an Illinois Sex Offender Registration Act form which stated:

> Under the Adam Walsh Child Protection and Safety Act of 2006, 18 United States Code § 2250, if you travel to another state and fail to register as required, you are also subject to federal prosecution that carries penalties of a fine and/or imprisonment up to 10 years.

[Doc. 23 at Ex. 1]. By signing the form, the Defendant acknowledged his duty to register as a sex offender under SORNA and had actual notice of his registration obligations. Thus, the Defendant's due process challenge fails because he received actual notice of his registration obligations under SORNA.

### (D) The Commerce Clause

The Defendant argues that SORNA and its 18 U.S.C. § 2250 enforcement provision violate the Commerce Clause by punishing purely local intrastate activity that does not substantially affect interstate commerce. [Doc. 19 at 17]. As support for his position, the Defendant relies on United States v. Lopez, 514 U.S. 549 (1995), and United States v. Morrison, 529 U.S. 598 (2000). The Defendant maintains that, as in Lopez and Morrison, his failure to register as a sex offender was purely local intrastate activity that does not substantially affect interstate commerce. [Doc. 19 at 17-30].

12

The Government responds that the 18 U.S.C. § 2250 does not violate the Commerce Clause for two reasons. [Doc. 23 at 14]. First, the Government argues that SORNA requires an element of interstate travel for individuals convicted of a non-federal sex offense. [Doc. 23 at 15]. Such travel, the Government asserts, is inherently national and affects commerce. [Doc. 23 at 15]. Second, the Government argues that 18 U.S.C. § 2250 regulates activities that substantially affect interstate commerce. [Doc. 23 at 15].

Article I, Section 8, Clause 3 of the United States Constitution gives Congress the power "[t]o regulate Commerce with Foreign Nations, and among the several states, and with the Indian tribes." In Lopez, the United States Supreme Court determined that Congress may properly enact legislation under its commerce powers in three broad categories: (1) "[to] regulate the use of the channels of interstate commerce"; (2) "to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) "to regulate those activities having a substantial relation to interstate commerce." Id. at 558-59.

In Morrison, the issue before the Court involved the third broad category identified in Lopez: whether the regulation substantially affected interstate commerce. Morrison, 529 U.S. at 609. The Court identified four factors which must be weighed when determining whether the activity being regulated has a substantial affect on interstate commerce: (1) whether "the activity in question has been some sort of economic endeavor"; (2) whether there is a jurisdiction limitation which "may establish that the enactment is in pursuance of Congress' regulation of interstate commerce"; (3) whether Congress made findings regarding the enactment's substantial affect on interstate commerce; and (4) the attenuation of the link between interstate commerce and the regulated activity.

13

Id. at 611-13.

The Court agrees with the Government's position that SORNA does not violate the Commerce clause. The statutes examined in both Lopez and Morrison contained no language or jurisdictional element. SORNA, however, is distinguishable from regulations at issue in Lopez and Morrison. Specifically, 18 U.S.C. § 2250 requires that an offender "travels in interstate or foreign commerce" as an element of the offense when the offender is required to register based on a non-federal conviction. Such travel is inherently national and affects commerce, as the Lopez Court acknowledged that Congress has the power "to regulate and protect instrumentalities of interstate commerce, or persons or things in interstate commerce." 514 U.S. at 558.

Additionally, while the Sixth Circuit Court of Appeals has yet to rule on this issue, every circuit court which has considered the issue has concluded that SORNA does not violate the Commerce Clause. See e.g., United States v. DiTomasso, 621 F.3d 17 (1st Cir. 2010); United States v. Guzman, 591 F.3d 83 (2nd Cir. 2010); United States v. Shenandoah, 595 F.3d 151 (3rd Cir. 2010); United States v. Gould, 568 F.3d 459 (4th Cir. 2009); United States v. Whaley, 577 F.3d 254; United States v. Vasquez, 611 F.3d 325 (7th Cir. 2010); United States v. Foster, 354 F. App'x 278 (8th Cir. 2009); United States v. George, 625 F.3d 1124 (9th Cir. 2009); United States v. Lawrance, 548 F.3d 1329 (10th Cir. 2008); United States v. Simon-Marcos, 363 F. App'x 726 (11th Cir. 2010).

Accordingly, the Court finds that SORNA and its 18 U.S.C. § 2250 enforcement provision do not violate the Commerce Clause.

### (E) The Ex Post Facto Clause

The Defendant argues that the application of the criminal provisions of SORNA to him

14

violates the ex post facto clause. [Doc. 19 at 30]. Specifically, the Defendant contends that SORNA is both retroactive and punitive, and therefore, SORNA meets both elements necessary for a violation of the ex post facto clause. [Doc. 19 at 30-39]. The Government argues that the Defendant's prosecution does not violate the ex post facto clause. [Doc. 23 at 16-18]. The Government responds that 18 U.S.C. § 2250 does not serve to punish the Defendant for an act that was not a crime when the Defendant committed it, does not increase the penalty for a crime committed before the law's enactment, and does not deprive the Defendant of a defense available before its enactment. [Doc. 23 at 18].

The Supreme Court has held that "two critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29 (1981). "A law is retrospective if it changes the legal consequences of acts completed before its effective date." Miller v. Florida, 482 U.S. 423, 430 (1987) (internal citation and quotations omitted).

In this case, the Indictment [Doc. 1] charges the Defendant with failing to register from on or about January 4, 2011, to on or about March 7, 2011. Under the plain language of the Indictment, the Defendant is charged with conduct that occurred after the enactment of the statute on August 1, 2008.[3]

Such retroactive application of SORNA was upheld in United States v. Coleman, No. 09-30-

---

[3] In Utesch, the Sixth Circuit Court of Appeals found that SORNA became effective against offenders convicted before its enactment thirty days after the final SMART guidelines were published, which means it became effective against such offenders on August 1, 2008. 596 F.3d at 311.

15

ART, 2009 WL 4255545, at *5 (E.D. Ky. November 24, 2009). In Coleman, the government alleged that the defendant failed to register and traveled across state lines through April 2009. The Court held that SORNA was not a violation of the ex post facto clause as applied to the Defendant, because "[t]he indictment charges [the defendant] with traveling interstate and failing to register as a sex offender *after* SORNA became effective against him." Id. (emphasis added).

In addition, the Defendant argues that SORNA violates the ex post facto clause because the overall purpose of SORNA is punitive. [Doc. 19 at 32]. The Government relies on Smith v. Doe to support its argument that SORNA does not constitute retroactive punishment forbidden by the ex post facto clause.

In Smith v. Doe, the Supreme Court considered whether Alaska's sex offender registration and notification law constituted retroactive punishment in violation of the ex post facto clause. 538 U.S. 84, 89 (2003). The Court outlined a framework for courts to apply when addressing an ex post facto challenge. The Court applied the framework to the Alaska law and held that the law was constitutional. Id. at 105-06. First, a must ask whether the legislature's intent was to impose punishment or to enact a regulatory scheme that is civil and non-punitive. Id. at 92. Second, if the legislature's intent was civil and non-punitive, the Court considers whether the statutory scheme is so punitive either in purpose or effect as to negate the legislature's intention. Id. The Court stated that "[i]nvoking the criminal process in aid of a statutory regime does not render the statutory scheme itself punitive." Id. at 96. The Court noted that only the "clearest proof" will suffice to override the legislature's intent and transform a civil remedy into a criminal penalty. Id. at 92-7. When applying the framework of Smith to SORNA, two courts of appeals have found no ex post facto violation. United States v. Dixon, 551 F.3d 578, 584 (7th Cir. 2008), overruled on other

16

grounds by, Carr v. United States, 130 S.Ct. 2229 (2010), and United States v. May, 535 F.3d 912, 919 (8th Cir. 2008).

The Court agrees with the Government's position. SORNA's criminal penalties found in 18 U.S.C. § 2250 do not punish the Defendant for an act that was not a crime when the Defendant committed it, it does not increase the penalty for a crime committed before the law's enactment, and it does not deprive the Defendant of a defense available before its enactment. The alleged SORNA violation in the Indictment occurred after SORNA and 18 U.S.C. § 2250 became applicable to the Defendant. Therefore, the Court finds that the Defendant's prosecution does not violate the ex post facto clause.

### (F) Non-Delegation Doctrine

The Defendant argues that Congress violated the non-delegation doctrine by delegating broad authority to the Attorney General to specify SORNA's applicability to offenders convicted before the application of SORNA. [Doc. 19 at 39]. The Government maintains that the application of SORNA's enforcement provision does not violate the non-delegation doctrine. [Doc. 23 at 18].

Congress may authorize parties outside the legislative branch to promulgate rules and create law so long as it provides an "intelligible principle to which the person or body authorized . . . is directed to conform." Mistretta v. United States, 488 U.S. 361, 372 (1989) (internal quotations and citations omitted). With regard to SORNA, the Sixth Circuit Court of Appeals has stated that Congress delegated two types of authority to the Attorney General: "(1) to specify the applicability of the requirements of SORNA to certain sex offenders, and (2) to prescribe rules for the registration of certain sex offenders." United States v. Cain, 583 F.3d 408, 414 (6th Cir. 2009). In addition, the

17

Sixth Circuit Court of Appeals has previously determined that 42 U.S.C. § 16913(d) gave the Attorney General the power to determine SORNA's retroactivity. Utesch, 596 F.3d at 308. In addition, the Second Circuit Court of Appeals has stated that the power was extended to only a "limited class of individuals who were convicted of covered sex offenses prior to SORNA's enactment; the Attorney General cannot do much more than simply determine whether or not SORNA applies to those individuals and how they might comply as a logistical matter." Guzman, 591 F.3d at 93.

Every court to consider the issue has held that the "intelligible principle" test was met. See United States v. Burns, No. 09-4909, 2011 WL 970644, at *2 (4th Cir. March 21, 2011); United States v. Guzman, 591 F.3d 83, 93 (2d Cir. 2010); United States v. Whaley, 577 F.3d 254, 264 (5th Cir. 2009); United States v. Ambert, 561 F.3d 1202, 1213 (11th Cir. 2009); United States v. Dixon, 551 F.3d 578, 584 (7th Cir. 2008). Therefore, this Court rejects the Defendant's non-delegation challenge to SORNA.[4]

---

[4] At the conclusion of the June 20, 2011 hearing, the Defendant argued that the Eleventh Amendment provided an additional basis to dismiss the Indictment in this case. The Defendant stated that based on the recent Supreme Court decision in Bonds v. United States, which held that individuals may challenge a federal statute if the statute regulates activity that is local in nature. ---S.Ct.----, No. 09-1227, 2011 WL 2369334, at *7-10 (2011). As a result, the Defendant argued that SORNA violates the Eleventh Amendment. The Government responded that while it had not had the opportunity to review the case, the instant matter is distinguishable because SORNA includes the element of interstate travel. As a result, the Defendant is not a local offender. The Court has reviewed the case and notes that the Tenth Amendment was at issue rather than the Eleventh Amendment as suggested by the Defendant. In Bonds, the Supreme Court held that Bonds had standing to challenge the criminal federal statute at issue because "she is not forbidden to object that her injury results from disregard of the federal structure of our Government." Id. at *10. Based on the brief, and after the Court's review, contradictory argument of the Defendant, the Court finds the Defendant's argument unpersuasive.

18

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED**[5] that the Defendant's Motion to Dismiss Indictment **[Doc. 19]** be **DENIED**.

                                        Respectfully Submitted,

                                        _s/ H. Bruce Guyton_
                                        United States Magistrate Judge

---

[5] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (affirming the Court of Appeals for the Sixth Circuit rule "conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections"). The District Court need not provide _de novo_ review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).