UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:11-CR-20 |
| | ) | (Phillips) |
| **RICHARD A. KIDD,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On July 5, 2011, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed a Memorandum and Opinion ("M&O") [Doc. 30] in which he recommended to deny Defendant's Motion for a Bill of Particulars [Doc. 16] and deny Defendant's Motion to Strike Surplusage from the Indictment [Doc. 17]. Judge Guyton also filed a Report and Recommendation ("R&R") [Doc. 31] in which he recommended to deny Defendant's Motion to Dismiss the Indictment [Doc. 19]. The parties appeared before Judge Guyton for a motion hearing on June 20, 2011. On July 18, 2011, Defendant filed objections to the M&O [Doc. 30] and R&R [Doc. 31]. [Defendant's Objections, Docs. 32, 33]. On July 25, 2011, the Government responded in opposition. [Docs. 35, 36].

Having reviewed the M&O [Doc. 30] and R&R [Doc. 31], the Court finds itself in agreement with Judge Guyton's analysis of the legal issues. Consequently, the M&O [Doc. 30] is **ACCEPTED IN WHOLE**, whereby Defendant's Motion for a Bill of Particulars [Doc. 16] is **DENIED**, and Defendant's Motion to Strike Surplusage from the Indictment [Doc. 17] is **DENIED**. The R&R [Doc. 31] will also be **ACCEPTED IN WHOLE**, whereby Defendant's Motion to Dismiss the Indictment [Doc. 19] is **DENIED**. Defendant's objections [Docs. 32, 33] are therefore

1

**OVERRULED**.

In the present case, Defendant is being prosecuted for violating the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et seq*. Defendant has been charged with violating 18 U.S.C. § 2250, which makes it a federal crime for any person "(1) who is required to register under [SORNA], and (2) who travels in interstate or foreign commerce, to (3) knowingly fai[l] to register or update a registration." Carr v. United States, 130 S.Ct. 2229, 2232 (2010) (citing 18 U.S.C. § 2250(a)) (internal quotations omitted). The charged conduct in this case–traveling in interstate commerce and failing to register as required by SORNA–allegedly occurred between January and March 2010. [Indictment, Doc. 1]. While the Court agrees with Judge Guyton's legal analysis, there is one point worth clarifying.

In his objections to the R&R [Doc. 33], Defendant raises a new argument for the first time. Specifically, Defendant argues that applying 18 U.S.C. § 2250 to his conduct would violate the ex post facto clause of the United States Constitution, U.S. Const. art. I, § 10. That clause prohibits "the enactment of any law that imposes punishment for an act after its commission, or imposes additional punishment to that previously prescribed." Johnson v. Bredesen, 624 F.3d 742, 752 (6th Cir. 2010) (citing Weaver v. Graham, 450 U.S. 24, 28 (1981)). In support, Defendant argues that his charged conduct occurred before the relevant statute became effective against him. [Defendant's Objections to the R&R, Doc. 33, at 24-27]. In doing so, Defendant requests that the Court depart from the Court of Appeals for the Sixth Circuit's ("Sixth Circuit") decision in United States v. Utesch, 596 F.3d 302, 310-11 (6th Cir. 2010).

In Utesch, the Sixth Circuit held that SORNA became retroactively applicable on August 1, 2008, to defendants who committed the predicate "sex offense" prior to the enactment of SORNA,

2

which occurred on July 27, 2007. 596 F.3d at 310-11. Despite this clear holding, Defendant argues that SORNA did not become applicable to him until January 2011, and that the August 1, 2008 date is "legally incorrect" and "premised on an erroneous factual assertion." [Defendant's Objections to the R&R, Doc. 33, at 25, 26].

In support, Defendant relies upon a recent "final rule" issued by the United States Attorney General ("Attorney General") regarding the retroactive application of SORNA to sex offenses that occurred prior to the enactment of the statute. Applicability of the Sex Offender Registration and Notification Act, 75 Fed. Reg. 81848 (proposed on December 29, 2010). [Defendant's Objections to the R&R, Doc. 33, at 24-27]. This rule, however, does not support Defendant's position–it actually undercuts it. A review of the statute's history, its rules and regulations, and the Sixth Circuit's decision in Utesch, 596 F.3d at 310-11, makes this abundantly clear.

On July 27, 2006, Congress enacted SORNA, which makes it a federal crime for any person "(1) who is required to register under [SORNA], and (2) who travels in interstate or foreign commerce, to (3) knowingly fai[l] to register or update a registration." Carr, 130 S.Ct. at 2232 (citing 18 U.S.C. § 2250(a)) (internal quotations omitted). On March 15, 2011, Defendant was indicted for violating 18 U.S.C. § 2250(a). [Indictment, Doc. 1]. The charged conduct in this case–traveling in interstate commerce and failing to register as required by SORNA–allegedly occurred between January and March 2011:

> The Grand Jury charges that, from on or about January 4, 2011, to on or about March 7, 2011, in the Eastern District of Tennessee and elsewhere, RICHARD A. KIDD, an individual who was required to register pursuant to [SORNA], as a result of being convicted on one count of rape in violation of Tennessee Code Annotated § 39-13-503 in Anderson, County, Tennessee, on July 11, 1995, having, after said conviction, traveled in interstate commerce, did knowingly fail to register and update registration and did knowingly fail to provide

3

> notice of his change of residence as required by [SORNA], the Illinois Sex Offender Registry Law, and the Tennessee Sex Offender Registry Law, in violation of Tittle 18 United States Code, Section 2250(a), and Title 42, United States Code, Sections 16911 and 16913.

[Indictment, Doc. 1]. As previously stated, Defendant's predicate "sex offense" occurred in July 1995–well before SORNA's enactment in July 2006.

At the time SORNA was enacted, Congress did not decide whether SORNA applied retroactively to defendants who committed the predicate sex offense pre-SORNA. Instead, Congress expressly delegated authority to the Attorney General to implement rules and regulations regarding the retroactive application of SORNA to pre-SORNA sex offenses. *See* 42 U.S.C. § 16913(d) (authorizing the Attorney General "to specify the applicability of the requirements of [SORNA] to sex offenders convicted before the enactment of [SORNA]"). Over the course of the following years, the Attorney General promulgated various rules and regulations regarding the retroactivity issue.

On February 28, 2007, the Attorney General issued an interim regulation for the purpose of "specif[ying] the applicability of the requirements of [SORNA] to sex offenders convicted prior to the enactment of the Act." Sex Offender Registration and Notification, 28 C.F.R. § 72.1 (proposed on February 28, 2007). The interim regulation stated that SORNA applies "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3. In promulgating this regulation, the Attorney General "did not provide notice of proposed rulemaking," as generally required under the Administrative Procedures Act ("APA"), 5 U.S.C. § 553(b), or allow a 30-day comment period before the rule became effective, 5 U.S.C. § 553(d), also generally required under the APA. Utesch, 596 F.3d at 310 (internal citations and quotations omitted). Instead, the Attorney General invoked the "good

4

cause" exception under the APA, pursuant to 5 U.S.C. § 553(b)(3)(B) & d(3). Id.

On May 30, 2008, the Attorney General proposed a new rule known as the "SMART Guidelines." The National Guidelines for Sex Offender Registration and Notification, 72 Fed. Reg. 30210 (interim SMART Guidelines proposed on May 30, 2007). Like the interim regulation, the preliminary SMART Guidelines, 72 Fed. Reg. 30210, stated that SORNA applied retroactively to defendants like Mr. Kidd:

> The applicability of the SORNA requirements is not limited to sex offenders whose predicate sex offense convictions occur following a jurisdiction's implementation of a conforming registration program. Rather, SORNA's requirements apply to all sex offenders, including those whose convictions predate the enactment of the Act.

72 Fed. Reg. 30212. However, unlike the interim regulation, 28 C.F.R. § 72, the Attorney General opened the SMART Guidelines to a period of notice and comment, whereby comments were accepted through August 1, 2007. 72 Fed. Reg. 30210.

Following the comment period, the Attorney General issued the final Smart Guidelines on July 2, 2008. The National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38030 (final rule proposed on July 2, 2008). Like the interim regulation and the preliminary SMART Guidelines, the final version expressly stated that SORNA applied retroactively to defendants who committed sex offenses prior to the enactment of SORNA:

> The applicability of the SORNA requirements is not limited to sex offenders whose predicate sex offense convictions occur following a jurisdiction's implementation of a conforming registration program. Rather, SORNA's requirements took effect when SORNA was enacted on July 27, 2006, and they have applied since that time to all sex offenders, including those whose convictions predate SORNA's enactment.

73 Fed. Reg. 38046. The final version of the SMART Guidelines listed their effective date as July

5

2, 2008, but they actually became effective on August 1, 2008, thirty days after their publication. Utesch, 596 F.3d at 311.

In Utesch, the Sixth Circuit addressed whether the interim regulation, 28 C.F.R. § 72, and the final SMART Guidelines, 73 Fed. Reg. 38030, were valid as "final rules" under the APA. 596 F.3d at 309-11. Because the defendant in Utesch argued that applying 18 U.S.C. § 2250(a) would violate, *inter alia*, the ex post facto clause, the Sixth Circuit had to determine *when* SORNA became retroactively applicable to defendants with pre-SORNA sex offenses. Id. SORNA itself does not address the retroactivity issue, but instead delegates authority to the Attorney General. 42 U.S.C. § 16913(d). Consequently, the Sixth Circuit had to address the validity of the Attorney General's rules and regulations on this subject. Utesch, 596 F.3d at 309-11. As an initial matter, the court held that the interim regulation, 28 C.F.R. § 72, was not a valid "final rule" under the APA. Id. at 310. As the court explained:

> We now hold that a defendant in Utesch's position is not bound by the interim rule [28 C.F.R. § 72]. While the thirty-day advance publication requirement is met here, such that Utesch had time to comply with the rule . . . we have no indication that the notice-and-comment process was actually carried out. Under standard APA procedure, an agency issues a proposed rule, requests comments, reviews those comments, and then publishes a final rule. As the D.C. Circuit has explained, notice and an opportunity for comment are to precede rule-making; the APA requires that affected parties have an opportunity to participate in and influence agency decision making at an early stage, when the agency is more likely to give real consideration to alternative ideas. In this case, the Attorney General–the agency–solicited comments, but the interim rule became effective immediately, before receipt and review of any public feedback. There was never any follow-up publication corresponding to the interim regulation that evidenced actual consideration of public commentary. Therefore, we conclude that the interim rule did not make SORNA effective against Utesch or any other defendants convicted before SORNA's enactment.

6

Utesch, 596 F.3d at 310 (internal citations and quotations omitted). Consequently, the Government could not rely upon February 28, 2007 (the date on which the interim regulation was issued) as the effective date for SORNA's retroactivity.

After reviewing the interim regulation, 28 C.F.R. § 72, the Sixth Circuit next considered whether the SMART Guidelines, 73 Fed. Reg. 38030, was a valid "final rule" regarding the retroactive application of SORNA. Id. at 310-11. Contrary to the interim regulation, the Smart Guidelines were the product of a notice and comment procedure. Id. at 310. After considering the procedural history of the SMART Guidelines, the Sixth Circuit held that the rule–effective August 1, 2008–was a valid, substantive rule regarding the retroactivity of SORNA to pre-SORNA sex offenses. Id. at 310-11. Specifically, the Court of Appeals held that "SORNA became effective against offenders convicted before its enactment thirty days after the final SMART guidelines were published: that is, on August 1, 2008." Id. at 311.

Almost a year after Utesch was decided, the Attorney General issued a new rule[1] that "finaliz[ed] an interim rule specifying that the requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required before the enactment of that Act." 75 Fed. Reg. 81849 (proposed on December 29, 2010). The rule lists its effective date as January 28, 2011, and states that it is finalizing the previous interim regulation, 28 C.F.R. § 72, which the Sixth Circuit found invalid in Utesch, 596 F.3d at 310. Defendant asserts that

---

[1] The Sixth Circuit has not yet addressed whether the new rule, Fed. Reg. 81848 (proposed on December 29, 2010) constitutes a "final rule" for purposes of the APA–that is, whether it "finalizes" the previous invalid interim rule, 28 C.F.R. § 72 (proposed on February 28, 2007). In any event, the "finality" of this new rule has no effect on the previous SMART Guidelines, which were an independent and valid "final rule" regarding the retroactive application of SORNA to pre-SORNA sex offenses. See Fed. Reg. 81850 (recognizing that the SMART Guidelines were "independently of the interim rule, a valid final rule providing that SORNA applies to all sex offenders, including those whose convictions predate SORNA").

7

this new rule demonstrates that the SMART Guidelines were not a "final rule" regarding the retroactivity issue, and that SORNA only became effective against him on January 28, 2011 (the effective date of the new rule, 75 Fed. Reg. 81849):

> As of January 7, 2011, however the regulation making SORNA retroactive to pre-SORNA sex offenders, like Mr. Kidd, was not final. The Attorney General finalized the SORNA retroactivity rule, effective January 28, 2011, 'to eliminate any possible uncertainty or dispute concerning the scope of SORNA's application.' 75 Fed. Reg. at 81850. As the retroactivity rule did not make SORNA effective against Mr. Kidd until at least January 28, 2011, he was not subject to the criminal penalties of § 2250 on January 7, 2011. The indictment should be dismissed with prejudice. Any conviction would not only violate the Ex Post Facto Clause but the Administrative Procedures Act ('APA') and due process under the Fifth Amendment.

[Defendant's Objections to the R&R, Doc. 33, at 23-24]. Furthermore, Defendant argues that the SMART Guidelines were only interpretive in nature, not substantive, and therefore cannot be a "final rule" regarding the retroactive application of SORNA to pre-SORNA sex offenses. [Id., at 25] [citation omitted].

The Sixth Circuit has already rejected this argument, finding that the SMART Guidelines were substantive in nature, and were directed–at least in part–to the retroactivity issue. *See* Utesch, 596 F.3d at 310 (citations omitted). The new rule also rejects Defendant's position, recognizing that the SMART Guidelines "state that SORNA applies to all sex offenders regardless of when they were convicted, and they provide guidance to jurisdictions regarding the registration of sex offenders whose convictions predate the enactment of SORNA." 75 Fed. Reg. 81850. In other words, the new rule recognizes that the SMART Guidelines were an independent and valid final rule regarding the retroactive application of SORNA to pre-SORNA sex offenses. The Attorney General has made this abundantly clear:

8

> In United States v. Utesch, 596 F.3d 302, 310-11 (6th Cir. 2010), the United States Court of Appeals for the Sixth Circuit held that the **SORNA Guidelines are, independently of the interim rule, a valid final rule providing that SORNA applies to all sex offenders, including those whose convictions predate SORNA**. This rulemaking reflects no disagreement with that conclusion but rather aims to eliminate any possible uncertainty or dispute concerning the scope of SORNA's application by finalizing the interim rule.

75 Fed. Reg. 81850 (emphasis added). By its clear language, the new rule recognizes that the SMART Guidelines were: (1) independent from the interim regulation; and (2) a final rule regarding the retroactive application of SORNA to pre-SORNA sex offenses. In addition, the new rule does more than just address the retroactive application of SORNA to pre-SORNA sex offenses. Fed. Reg. 81852-53. The new rule also responded to–and clarified any inconsistencies with–the Supreme Court's recent decision in Carr,130 S.Ct. 2229. Fed. Reg. 81852-53. In Carr, the Supreme Court held that sex offenders (with previous violations under state law, not federal) cannot be held liable under 18 U.S.C. § 2250 for failing to register, when the interstate travel occurred before the enactment of SORNA. Id. at 2242. The new rule was issued in part to address this development. Fed. Reg. 81852-53.

Although this case raises a new question, the Court does not stand alone in its reasoning. Another federal court recently rejected the exact argument raised by Defendant. United States v. Ross, F. Supp. 2d, 2011 WL 1481394, at *8 n.6 (D.D.C. 2011). In Ross, the defendant argued that the indictment should be dismissed because the new rule, 75 Fed. Reg. 81849 (proposed on December 29, 2010) demonstrates that the SMART Guidelines were not a "final rule" regarding the retroactivity of SORNA to pre-SORNA sex offenses. Id. The district court rejected this argument, relying on both the Sixth Circuit's decision in Utesch and the express language of the new rule, Fed. Reg. 81850:

9

> In the supplement to his motion to dismiss, [the defendant] raises a new argument: he asserts that the recent December 29, 2010 final rule 'would have been completely unnecessary if the SMART guidelines constituted a rule applying SORNA retroactively.' The Court disagrees. In issuing the December 29, 2010 rule, the Attorney General noted that in United States v. Utesch, the Sixth Circuit held that the final SMART guidelines 'are, independently of the interim rule, a valid final rule providing that SORNA applies to all sex offenders, including those whose convictions predate SORNA.' 75 Fed. Reg. 81849, 81850. The Attorney General specified that the December 29, 2010 final rule 'reflects no disagreement with [the Sixth Circuit's conclusion] but rather aims to eliminate any possible uncertainty or dispute concerning the scope of SORNA's application by finalizing the interim rule.' Id.

Ross, F. Supp. 2d, 2011 WL 1481394, at * 8 n.6. (internal citation omitted). There is no reason to depart from this analysis.

In Utesch, the Court of Appeals held that SORNA became retroactively applicable on August 1, 2008. 596 F.3d at 311. In the present case, Defendant is charged with conduct (traveling in interstate commerce, failing to register as required by SORNA) that allegedly occurred between January and March 2011. The recent rule issued by the Attorney General, 75 Fed. Reg. 81848, is not inconsistent with the Sixth Circuit's decision. In fact, the rule undercuts Defendant's entire argument. Accordingly, Defendant's Motion for a Bill of Particulars [Doc. 16] is **DENIED**, Defendant's Motion to Strike Surplusage from the Indictment [Doc. 17] is **DENIED**, and Defendant's Motion to Dismiss the Indictment [Doc. 19] is **DENIED.**

**IT IS SO ORDERED.**

          **ENTER:**

          s/ Thomas W. Phillips
          United States District Judge